45 F.3d 435
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Victor ESTRADA, Petitioner-Appellant,
v.
James GOMEZ; A. Olivarez, Warden, Respondents-Appellees.
 No. 94-15895.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Dec. 28, 1994.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Victor Estrada, a California state prisoner, appeals pro se the denied of his 28 U.S.C. Sec. 2254 habeas corpus petition challenging his twelve-year sentence imposed following his conviction for six counts of sale or transportation of cocaine. Estrada contends that he was denied due process at sentencing. We have jurisdiction under 28 U.S.C. Sec. 2254, and we affirm.
 
 
 3
 We review de novo the denial of a habeas petition. Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." Christian v. Rhode, No. 93-16805, slip op. 14229, 14245 (9th Cir. Nov. 22, 1994); accord Hendricks, 993 F.2d at 674.
 
 
 4
 Estrada received an upper term of five years imprisonment for Count VII, a consecutive four-year term for a firearm enhancement pursuant to Cal.Penal Code Sec. 12022(c), a consecutive three-year term for a prior conviction enhancement pursuant to Cal.Penal Code Sec. 11370.2(a), and concurrent four-year middle terms for Counts I-V.
 
 
 5
 Estrada claims that the trial court violated Cal.Penal Code Sec. 1170(b) by using the fact that he was armed both to impose an upper term on Count VII and as the basis for the firearm enhancement. Estrada also claims that in imposing the upper term on Count VII, the trial court improperly relied on the "unproven facts" that he induced others to participate in the crime, and that the crime was premeditated. He claims that the California Court of Appeal denied him due process when it found no proof of inducement and held that the trial court had violated Cal.Penal Code Sec. 1170(b), but determined that these errors were harmless because other valid aggravating factors supported the imposition of an upper term on Count VII.
 
 
 6
 Under these circumstances, Estrada has not established that the trial court's misapplication of state law resulted in fundamental unfairness. See Christian, slip op. at 14245; Hendricks, 993 F.2d at 674. Accordingly, we affirm the district court's judgment.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Appellant's motion for appointment of counsel is denied. His filing of November 16, 1994, is construed as a motion to stay the appeal. So construed, the motion is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3